IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREY AGRICULTURAL PRODUCTS, INC. *
                                  *
v.                               *        Civil No. – JFM-17-85
                                  *
FREDERICK COUNTY, MARYLAND, et al. *
                                  ******

MEMORANDUM

Frey Agricultural Products has instituted this action against Frederick County, Maryland, County Executive Jan H. Gardner, and the President of the County Council of Frederick County, Harold F. Otis, asserting federal constitutional violations and various state law claims in connection with a repeal of the County's agricultural transfer rights option. The action was initially filed in the Circuit Court for Frederick County, Maryland and was removed to this court by defendants. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. The motion will be granted as to the federal constitutional claims, and the case will be remanded to the Circuit Court for Frederick County, Maryland for consideration of the state law claims.

From December 1, 2014 until October 14, 2016, the Zoning Ordinance of Frederick County permitted a limited transfer of subdivision rights under a Code Section entitled "agricultural rights transfer option [ARTO]." On July 6, 2016, Frey purchased two properties, one of which Frey calls the "Sending Property," and the other of which Frey calls the "Receiving Property." On December 31, 2015, applicants filed their initial ARTO application. Following the submission of the application there was a series of exchanges between Frey and the County. The exchanges did not result in the granting of a building permit to Frey. On August 15, 2016,

the County Council adopted a bill that repealed the ARTO ordinance effective on October 14, 2016.

Frey's federal constitutional claims depends upon whether it possessed a "property right." Under Maryland law, which is applicable here, a landowner has no constitutionally protected property right to a certain use of property until a lawful building permit has been issued and substantial construction has begun. *Maryland Reclamation Assocs., Inc. v. Harford Cnty.*, 414 Md. 1, 44-45 (2010); *Powell v. Calvert County*, 368 Md. 400, 411-12 (2002); *Rockville Fuel & Feed Co. v. City of Gaithersburg*, 266 Md. 117, 127 (1972). Here, Frey did not possess a building permit and substantial construction had not begun as of the date of the repeal of the ARTO provision. Moreover, Frey has presented no evidence that defendants' conduct prevented the completion of Frey's applications or was unreasonable, arbitrary, or capricious.

Because Frey's federal claims are lacking in merit, the state law claims will be remanded to the Circuit Court for Frederick County Maryland pursuant to 28 U.S.C. §1441(c).

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: May 7, 2017

J. Frederick Motz
United States District Judge